[No. G006897. Fourth Dist., Div. Three. Mar. 15, 1990.]

GEOFFREY T. ROGERS, Plaintiff and Appellant, v. PRUDENTIAL INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

Robert W. Battin for Plaintiff and Appellant.

Peterson, Ross, Schloerb & Seidel, Ronald K. Alberts and Douglas H. Deems for Defendant and Respondent.

OPINION

SCOVILLE, P. J.—Plaintiff Geoffrey Rogers appeals from a summary judgment entered in favor of defendant the Prudential Insurance Company in a dispute arising out of Prudential's refusal to pay medical benefits. Because we conclude there are triable issues of material fact, the judgment is reversed.

I

In 1975, Rogers was seriously injured in an automobile accident and rendered totally disabled. At the time, he was an employee of the Mica Corporation and was covered under a group major medical expense insurance policy issued by Prudential as part of an employee medical and disability plan. The plan was administered by the Anderman Company. Rogers was terminated by his employer in 1976, and in April 1977 Prudential terminated the group insurance plan.

In November 1977, Rogers had back surgery necessitated by the accident. Prudential paid for the surgery and continued to provide Rogers with "extended" insurance benefits up through the end of 1977. Over the next six years Rogers continued to seek medical attention for his injuries but Prudential failed to provide benefits. Rogers claims he made numerous efforts

to find out from Prudential and Anderman why his claims were not being honored but he was never given a definitive answer. He believed he was just unable to talk to the "right person." He also asserts a Prudential representative told him "the policy [he] had with Prudential was good on [his] accident until [he] went back to work."

In 1984, Rogers was advised he needed further surgery as a result of the accident. He requested coverage under the policy but was informed by Prudential in a letter dated October 12, 1984, that the policy expired in 1977 and he was not entitled to benefits.

In October 1986, Rogers filed a complaint against Prudential, Anderman, and others for breach of the covenant of good faith and fair dealing, breach of fiduciary duties, common law fraud, and breach of statutory duties. He alleged he was entitled to policy benefits of $500,000 but that defendants refused to pay. No copy of the policy or of the certificate of insurance was attached to the complaint. Instead, Rogers appended a copy of the plan announcement which provided: "For simplicity, the Group Insurance Plan has been described in a rather general manner in this announcement. The benefits are described more fully in the individual certificates given to insured employees. The extent of the insurance for each individual is governed at all times by the complete terms of the master Group Insurance policy or policies issued by Prudential."

Prudential moved for summary judgment on the grounds the complaint was barred by the statute of limitations and was preempted by the Employment Retirement Income Security Act of 1974 (ERISA). (29 U.S.C. § 1001 et seq.) Prudential argued Rogers's causes of action accrued in 1978, when benefits were first refused and thus his complaint, which was filed in 1986, was untimely. It pointed out that the announcement provided under "Extended Benefits" that, "If an individual's coverage terminates while he is totally disabled and under a doctor's care, the coverage will be extended during the total disability for a limited period." Prudential asserted the language was clear and that "for a limited time" meant Prudential was obligated to extend benefits only to the end of the calendar year following the year in which coverage was terminated. In addition, it contended Rogers' employer contributed to the medical plan and thus, even if the complaint was not barred by the statute of limitations, it was preempted under ERISA.

Rogers opposed the motion on the ground the statute of limitations did not begin to run until he was told in 1984 that benefits would not be provided under the policy. Relying on *Fields* v. *Blue Shield of California* (1985) 163 Cal.App.3d 570 [209 Cal.Rptr. 781], he argued that under the

terms of the policy he had vested rights to lifetime medical benefits, up to policy limits, for injuries to his back. Rogers also asserted the complaint was not preempted under ERISA because he paid the contributions to the medical plan, not his employer. The announcement provided under "General Information" that, "As a convenience to you, your contributions will be deducted from your pay."

No copy of the policy or certificate of insurance was put into the record. Prudential claimed it did not have copies of the policy, the certificates of insurance, or the individual claims files because their practice is to destroy such records four years after the policy is terminated. Rogers indicated he did not have copies of the documents either. Apparently, all of his records were destroyed in 1982 when his house burned down.

The motion for summary judgment was granted on the ground the complaint was time-barred. Rogers appeals from the judgment.

## II

On appeal, our task is to conduct a de novo review of the record before the trial court to determine whether there is a triable issue as to any material fact. (*AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064 [225 Cal.Rptr. 203]; Code Civ. Proc., § 437c, subd. (c).)

### A.

Although summary judgment was granted on the ground the action was barred by the statute of limitations, resolution of that issue turned, in part, on when Prudential's obligation to pay benefits under the policy ended. Prudential asked the court to construe the terms of the announcement and to find as a matter of law its obligation was contractually restricted to a "limited period" following termination of the policy and that an action filed nine years after the policy was cancelled was untimely. Rogers, on the other hand, claimed he was entitled to payment of benefits because the terms of the policy provided him with "lifetime benefits," and under *Fields* v. *Blue Shield of California, supra*, 163 Cal.App.3d 570, any cause of action for nonpayment did not accrue until his claim was denied.

When the terms of an insurance policy are clear and unambiguous, the interpretation of the policy presents an issue of law which may be resolved by summary judgment. (*Parsons* v *Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839].) However, when the terms of a contract are ambiguous or uncertain, "it is the duty of the trial

court to construe it after the parties are given a full opportunity to produce evidence of the facts, circumstances and conditions surrounding its execution as well as the conduct of the parties to the contract [citation]," and the interpretation of the policy presents a question of fact which is inappropriate for summary judgment. (*Walter E. Heller Western Inc.* v. *Tecrim Corp.* (1987) 196 Cal.App.3d 149, 158 [241 Cal.Rptr. 677].)

■ Here, Prudential's policy is ambiguous and uncertain for the simple reason that there are no copies of the policy in the record. Without first making a factual finding as to the terms of the policy, their legal effect cannot be resolved on summary judgment.

Prudential points out it destroyed the pertinent documents years earlier and that despite a diligent search of its records no copies of the documents can be found. It urges us to interpret the announcement since that is the one document in existence which summarizes the terms of the policy. Even if we accept Prudential's representation as true, that does not mean the trial court is limited to interpreting the terms of the announcement, a document which by its own language states the extent of insurance for an individual is governed by the terms of the master policy. Contents of a lost or destroyed memorandum "may be shown by an unsigned copy or by oral evidence." (1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 269, p. 265.) Such evidence may include testimony of long-time Prudential employees who were familiar with the policy's standard provisions, or copies of other policies sold at the same time which utilized similar provisions. In short, Rogers is entitled to have the trier of fact determine the terms of the policy and then to have the complaint decided in accordance with those terms. Since the motion presents a triable issue of material fact, it was error to grant summary judgment.

### B.

■ Prudential then asserts that even if the complaint is not barred by the statute of limitations, it is preempted under ERISA. Summary judgment was not granted on preemption grounds, but it is the validity of the ruling that is appealable and not the reasons therefor. (*Beresford Neighborhood Assn.* v. *City of San Mateo* (1989) 207 Cal.App.3d 1180, 1190 [255 Cal.Rptr. 434]; *Barnett* v. *Delta Lines, Inc.* (1982) 137 Cal.App.3d 674 [187 Cal.Rptr. 219].) Preemption was raised below and therefore we consider whether the evidence before the trial court was sufficient as a matter of law to require the granting of summary judgment on this ground. We conclude it was not.

"The existence of an ERISA plan is ordinarily a question of fact, to be answered in light of all surrounding facts and circumstances." (*Faria* v.

*Northwestern National Life Ins. Co.* (1989) 216 Cal.App.3d 1129, 1135 [265 Cal.Rptr. 309]; see also *Lambert* v. *Pacific Mutual Life Ins. Co.* (1989) 211 Cal.App.3d 456, 463 [259 Cal.Rptr. 398]; *Rizzi* v. *Blue Cross of So. California* (1988) 206 Cal.App.3d 380, 384 [253 Cal.Rptr. 541]; *Kanne* v. *Connecticut General Life Ins. Co.* (9th Cir. 1988) 867 F.2d 489, 492.) The court looks to the definition of an employee welfare benefit plan as defined by federal law, and regulations issued by the United States Department of Labor.

Section 1002(1) of the federal law provides that an employee welfare benefit plan means "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants . . . through the purchase of insurance . . . medical, surgical, or hospital care . . . ." (29 U.S.C. § 1002(1).) However, "The United States Department of Labor has issued regulations (29 C.F.R. § 2510.3-1 (1987)) which clarify the types of plans which fall within the scope of section 1002(1). Subsection (j) of these regulations . . . specifically identifies the 'group or group-type insurance programs' offered to employees which are *not* under ERISA. Subsection (j) provides that section 1002(1), does *not* include a group insurance program offered by an insurer to employees or members of an employee organization, *when four criteria are present* with respect to such program: '(1) No contributions are made by an employer or employee organization; [¶] (2) Participation [in] the program is completely voluntary for employees or members; [¶] (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and [¶] (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.' [¶] Thus, under subsection (j), where the employer does nothing more than arrange for group-type insurance., and the above four criteria are met, there is no ERISA plan. [Citations.]" (*Lambert* v. *Pacific Mutual Life Ins. Co., supra*, 211 Cal.App.3d at pp. 463-464, italics in original.)

Prudential argues the policy is an ERISA plan because it does not meet the first criterion, that is, it alleges plan contributions were made by Rogers's employer. This is, however, a disputed issue. Rogers submitted a declaration which stated he paid plan premiums from his paycheck, and his assertion is supported by the announcement which states: "As a conve-

nience to you, your contributions will be deducted from your pay."[1] Because there is insufficient evidence before us the policy is an ERISA plan, the summary judgment was inappropriate. (*Hughes* v. *Blue Cross of Northern California* (1989) 215 Cal.App.3d 832, 857 [263 Cal.Rptr. 850].)

The judgment is reversed. Prudential's request for attorney's fees for the filing of a frivolous appeal is denied.

Wallin, J., and Crosby, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 30, 1990.

---

[1] In *Kanne* a group medical insurance plan was found to be subject to ERISA in part because the plan brochure described the plan as an ERISA plan. (*Kanne* v. *Connecticut General Life Ins. Co., supra*, 867 F.2d at p. 493.) No similar statement is contained in the announcement to Prudential's policy.