[No. B110170. Second Dist., Div. One. July 25, 1997.]

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SOUTHERN CALIFORNIA GAS COMPANY, Real Party in Interest.

COUNSEL

Hancock, Rothert & Bunshoft, Yvette D. Roland, Victoria Pynchon and Jennifer D. McKee for Petitioner.

No appearance for Respondent.

Troop, Meisinger, Steuber & Pasich, David W. Steuber, Tyrone R. Childress and Jeffrey M. Jacobberger for Real Party in Interest.

OPINION

**VOGEL (Miriam A.), J.**—This is a coverage dispute in which the insured (the Southern California Gas Company [SoCalGas]) contends the carrier (Certain Underwriters at Lloyd's of London designated as Lowsley-Williams and Companies [Lowsley-Williams]) breached its duties to defend and indemnify SoCalGas in several environmental contamination actions. SoCalGas tendered the defense of the underlying actions to Lowsley-Williams, but Lowsley-Williams refused to defend or indemnify SoCalGas and this lawsuit followed. Lowsley-Williams moved for summary adjudication of issues, contending there was no possibility of coverage under the policies (and thus no duty to defend) because the coverage afforded under its policies was effective for "finite policy periods" during which SoCalGas had no insurable interest in the properties that are the subject of the underlying action and, therefore, no objectively reasonable expectation of coverage. Lowsley-Williams presented some evidence (discovery responses) addressing the insurable interest issue but it did not submit copies of the insurance policies or any evidence of the allegedly "finite" policy periods or of the terms and conditions of those policies. SoCalGas opposed the motion, contending

(among other things) that Lowsley-Williams had failed to meet its initial burden of proof because it had not submitted the policies (or any proof that might otherwise suggest SoCalGas would be unable to establish coverage).

The trial court denied the motion, and Lowsley-Williams filed a petition for a writ of mandate, asking us to hold that its evidence was sufficient to shift the burden of proof to SoCalGas because the coverage issue could be determined as a matter of law, without reference to the policies. We disagree and hold that, absent relevant admissions by the insured, an insurer moving for summary adjudication of issues or summary judgment on the merits of a case in which coverage is disputed must provide copies of the policies or, if the policies are missing, secondary evidence sufficient to inform the court of the relevant terms and conditions of the insurance contract.[1]

### DISCUSSION

#### A.

As evidentiary support for its motion, Lowsley-Williams relied on SoCal-Gas's first amended complaint which, according to Lowsley-Williams, "contends" that Lowsley-Williams issued "various excess liability policies" for specified periods of time. In its opposition, SoCalGas admits it *contends* that Lowsley-Williams is liable under the policies but points out that Lowsley-Williams had "not introduced the relevant insurance policies into evidence, and there is thus no admissible evidence regarding the language or terms of those policies." The issue, as framed by Lowsley-Williams, was whether SoCalGas had an insurable interest in the properties that are the subject of the underlying actions at the time the policies were in effect. The threshold question, however, is whether that issue could or should be determined in a vacuum. According to Lowsley-Williams, "the particular language of the [listed] Policies is irrelevant for purposes of applying the statutory insurable interest requirement, because that requirement is read into the policies as a matter of law." According to SoCalGas, the language of the policies must be examined to determine the dates the policies were "in effect" (that is, the dates relevant to the "insurable interest" issue) and whether the terms and conditions of the policies support a claim of coverage for the underlying actions.

Lowsley-Williams contends the trial court should have granted its motion on the ground that SoCalGas's allegation of "the policy periods" (that is, the

---

[1]Our summary of the facts of this case is intentionally brief, and our decision to omit any details about the underlying actions is deliberate. Those details are irrelevant to the only question before us—the burden of proof on a defendant/insurer moving for summary judgment or summary adjudication in an action where coverage is disputed.

complaint's list of policy numbers and years) was a judicial admission on which Lowsley-Williams can rely, "with no further evidence of the policy periods required" to support its motion for summary adjudication.[2] We disagree.

### B.

■ Under the current version of section 437c of the Code of Civil Procedure,[3] *a defendant moving for summary adjudication has met its "burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established . . . .* Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action . . . . The plaintiff . . . may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . ." (§ 437c, subd. (o)(2), italics added.) As we explained in *Leslie G. v. Perry & Associates* (1996) 43 Cal.App.4th 472, 482 [50 Cal.Rptr.2d 785], this provision in section 437c means that a "moving defendant may (through factually vague discovery responses or otherwise) point to the absence of evidence to support the plaintiff's case. *When that is done*, the burden shifts to the plaintiff to present evidence showing there is a triable issue of material fact. If the plaintiff is unable to meet [its] burden of proof regarding an essential element of [its] case, all other facts are rendered immaterial." (Original italics omitted, emphasis added.)

Under the plain language of the statute, the burden does not shift to the plaintiff unless the moving defendant first meets its burden of "showing" that the plaintiff cannot establish at least one element of its cause of action. (§ 437c, subd. (o)(2).) Under our holding in *Leslie* (and under the rules announced in all of the cases decided since the 1993 amendment to section 437c [Stats. 1993, ch. 276]), this initial burden can be met by the presentation of "factually vague discovery responses or otherwise"—but we know of no case suggesting that section 437c permits the moving defendant to meet its initial burden without any showing at all. (*Leslie G. v. Perry & Associates, supra*, 43 Cal.App.4th at p. 482 ["factually vague discovery responses" sufficient to shift burden]; see also *Villa v. McFerren* (1995) 35 Cal.App.4th

---

[2]The complaint does *not* allege the dates the policies were "in effect." It alleges the policy numbers and the "policy period" for each, a procedure adopted because there are more than 40 underlying actions involving many carriers and policies issued over a period of 15 years. By no stretch of anyone's imagination is the list an admission of anything.

[3]Unless otherwise stated, all section references are to the Code of Civil Procedure.

733, 739-740 [41 Cal.Rptr.2d 719] [failure to present "competent evidence which proved the allegation of a conspiracy could not be established" means the burden is *not* shifted]; *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573, 590 [37 Cal.Rptr.2d 653] ["factually devoid discovery responses" sufficient to shift burden]; *Jambazian* v. *Borden* (1994) 25 Cal.App.4th 836, 846 [30 Cal.Rptr.2d 768] [expert's "declaration" negating medical malpractice sufficient to shift burden]; *Hunter* v. *Pacific Mechanical Corp.* (1995) 37 Cal.App.4th 1282, 1288 [44 Cal.Rptr.2d 335] [factually vague discovery responses sufficient to shift burden].)

We agree, of course, that Lowsley-Williams was entitled to rely on admissions in SoCalGas's pleadings (*Foxborough* v. *Van Atta* (1994) 26 Cal.App.4th 217, 222, fn. 3 [31 Cal.Rptr.2d 525]), and we therefore necessarily also agree (as SoCalGas concedes) that it is undisputed that SoCalGas *"contends that the [listed] Policies are obligated to provide [it] with a defense and indemnity" arising at the OII and IWP sites.* (Italics added.) So what? The issue is what SoCalGas can prove, not what it can plead, and a statement by Lowsley-Williams paraphrasing SoCalGas's contention does not come close to suggesting (let alone showing) that SoCalGas will be unable to establish coverage—unless Lowsley-Williams also shows that the provisions of the policies support its position by defining the effective dates of coverage to exclude the underlying actions under the theories raised by SoCalGas's complaint.

We find nothing in section 437c or any case to suggest that a defendant moving for summary judgment or summary adjudication can shift the burden of proof to the plaintiff by the sort of challenge presented by Lowsley-Williams's motion. More specifically, we find nothing in section 437c to suggest a legislative intent to require our state courts to decide coverage issues without reference to the policy from which springs the claim of coverage. (Cf. *United Community Church* v. *Garcin* (1991) 231 Cal.App.3d 327, 333 [282 Cal.Rptr. 368] [to justify adjudication of an issue, the moving party must show that it is supported by undisputed facts, which in turn must be established by "admissible evidence"].)[4] While Lowsley-Williams's approach may be legitimate in federal court, it is not permitted by section 437c.

---

[4]Our decision in *United Community Church* v. *Garcin, supra,* 231 Cal.App.3d 327, predates the 1992 and 1993 amendments to section 437c (Stats. 1992, ch. 1348; Stats. 1993, ch. 276) and is no longer valid to the extent the burden of proof has been changed. But those amendments did not change the requirement that evidence (admissions, discovery responses or otherwise) must be presented to prove a fact, a conclusion recognized by the post-amendment cases cited in the text.

## C.

Which brings us to the heart of the problem. Lowsley-Williams's argument seems to assume that the 1992 and 1993 amendments to section 437c adopted rule 56 of the Federal Rules of Civil Procedure (28 U.S.C.) as well as every nuance of the rules announced in *Celotex Corp.* v. *Catrett* (1986) 477 U.S. 317 [106 S.Ct. 2548, 91 L.Ed.2d 265]. ■■■ While we agree that the 1993 amendment accomplished a dramatic change in California's summary judgment law by authorizing the moving defendant's use of the plaintiff's factually vague discovery responses to shift the burden of proof to the plaintiff (*Union Bank* v. *Superior Court, supra,* 31 Cal.App.4th at pp. 589-590), there is nothing in our amended statute (or the cases decided since the 1993 amendment) to suggest a legislative intent to take that next giant step—which would be to give California trial judges the same power as a federal district court judge to enter summary judgment sua sponte, provided only that the losing party is on notice of a need to come forward with its evidence. (*Celotex Corp.* v. *Catrett, supra,* 477 U.S. at p. 326 [106 S.Ct. at p. 2554].) As amended, section 437c expressly precludes an interpretation that would give our trial judges that much power. (§ 437c, subd. (a) ["*Any party* may move for summary judgment"].)

A court that can grant summary judgment on its own motion can by definition grant summary judgment or summary adjudication without any initial evidentiary showing and simply because the responding party has failed to meet a challenge by coming forward with proof that its claim has merit. (10A Wright et al., Federal Practice and Procedure (1997 pocket supp.) § 2720, p. 9 [*Celotex* suggests the power of the court to enter summary judgment sua sponte supports the conclusion that the moving party need not produce evidence but simply can argue that there is an absence of evidence by which the opponent can prove its case].) Thus, in federal court, Lowsley-Williams's motion might have been sufficient to challenge SoCal-Gas to satisfy the court that SoCalGas could, given a chance, prove its case, and to shift to SoCalGas the burden to submit the insurance policies and any other evidence necessary to defeat Lowsley-Williams's motion.

■■■ In our state courts, something more is needed. We do not suggest that "something" must always be the policy, but we do hold that it must be the policy or some other evidence showing the insured's inability to prove coverage. Thus, for example, the terms and conditions of a lost or destroyed policy may be proved by secondary evidence (Evid. Code, §§ 1500, 1505; cf. *Rogers* v. *Prudential Ins. Co.* (1990) 218 Cal.App.3d 1132, 1137 [267 Cal.Rptr. 499]), and the terms of any policy may be proved by a specific

admission (either in a pleading or in response to a request for admissions or in discovery) or by an implied admission (such as a failure to file any opposition at all to a defendant's motion for summary judgment or summary adjudication). But there must be something. As it stands, the 1993 amendment to section 437c changed our state court procedure dramatically, from one where a moving defendant was required to present affirmative evidence *conclusively negating an element of the plaintiff's case* (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46]; *Barnes* v. *Blue Haven Pools* (1969) 1 Cal.App.3d 123, 126-128 [81 Cal.Rptr. 444]) to one where the defendant can satisfy its evidentiary burden by proof of the *plaintiff's inability to prove its own case* (by evidence in the form of the plaintiff's factually vague discovery responses). If the Legislature intends to completely revamp California law by permitting our trial courts to grant summary judgment sua sponte in cases viewed by the court as meritless (*Celotex Corp.* v. *Catrett, supra,* 477 U.S. at p. 322 [106 S.Ct. at p. 2552]), we are satisfied the Legislature will say so directly, and not leave it to us to read such a significant grant of power into a statute that suggests, to the contrary, that no such power exists.

As we write, there is pending before our Legislature yet another attempt to amend section 437c, Assembly Bill No. 843 (1997-1998 Reg. Sess.). If passed, this bill would still require that the motion be made by a party rather than the court, but it would once again change the burden of proof. Assembly Bill No. 843 would impose on the moving party (plaintiff or defendant) "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of a material fact but need not negate the elements of any cause of action or defense *on which the nonmoving party bears the burden of proof.*" (§ 437c, subd. (b), as it would be amended by Assem. Bill No. 843, italics added.) Where the statute now provides that the motion "shall" be supported by declarations, discovery responses and matters subject to judicial notice (§ 437c, subd. (b)), the bill would amend it to provide that the motion "may" be supported by these items. (§ 437c, subd. (c), as it would be amended by Assem. Bill No. 843.) Where the statute now specifies the burden of proof (§ 437c, subd. (o)), it would be amended by the bill to provide that a moving defendant "has met [its] burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, *have not been* [instead of 'cannot be'] established, or that there is a complete defense to that cause of action. Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a *genuine* [instead of 'triable'] issue

of one or more material facts exists . . . ." (§ 437c, subd. (p)(2), as it would be if amended by Assem. Bill No. 843, italics added.)[5]

Without these or other further amendments, we will not read the 1993 amendment to section 437c as a wholesale adoption of rule 56 of the Federal Rules of Civil Procedure (28 U.S.C.), including its judicial gloss imposing the burden of proof on summary judgment on the party who bears the burden at trial, without regard to which party moves for summary judgment. (*Celotex Corp.* v. *Catrett, supra,* 477 U.S. at p. 322 [106 S.Ct. at p. 2552].) In our state courts, the burden of proof on summary judgment or summary adjudication is *not* the same as it is at trial (compare Evid. Code §§ 500, 550 with Code Civ. Proc. § 437c, subd. (o); and see *University of Southern California* v. *Superior Court* (1990) 222 Cal.App.3d 1028, 1036 [272 Cal.Rptr. 264]) and we have not found any case suggesting that the 1993 amendment to section 437c changes this rule. Division Five of our court did not go that far. (*Union Bank* v. *Superior Court, supra,* 31 Cal.App.4th at pp. 581-592 [deciding only the propriety of a moving defendant's reliance on the plaintiff's discovery responses revealing an absence of evidence, and expressly declining to decide whether the 1993 amendment was intended to adopt the *Celotex* test].) The Sixth District did not go that far. (*Hagen* v. *Hickenbottom* (1995) 41 Cal.App.4th 168, 186 [48 Cal.Rptr.2d 197] [refusing to interpret the 1992 amendment to permit a moving defendant to shift the burden "simply by suggesting the possibility that the plaintiff cannot prove its case"]; *Addy* v. *Bliss & Glennon* (1996) 44 Cal.App.4th 205, 213-214 [51 Cal.Rptr.2d 642] [holding that the 1993 amendment did not adopt *Celotex* and reaffirming its decision in *Hagen*].)[6] We will not go that far.

---

[5]Another bill (Assem. Bill No. 1324 (1997-1998 Reg. Sess.)) introduced this year is presently inactive. If resurrected and passed, this bill would limit the number of times a party could move for summary judgment or adjudication but it does not appear that it would affect the burden of proof.

[6]Although *Hunter* v. *Pacific Mechanical Corp., supra,* 37 Cal.App.4th at pages 1287-1289, has been read by one court " 'to suggest that a moving defendant may shift the burden simply by suggesting the possibility that the plaintiff cannot prove its case' " (*Addy* v. *Bliss & Glennon, supra,* 44 Cal.App.4th at p. 214), that is not how we read *Hunter.* In our view, *Hunter* does no more than express its agreement with *Union Bank* v. *Superior Court, supra,* 31 Cal.App.4th 573. As the court put it in *Hunter,* the defendant "was not required to come forward with evidence of its own to affirmatively demonstrate that [the plaintiff] could not [prevail]. Rather, it was enough to show through *factually vague discovery responses* that [the plaintiff] lacked any significant probative evidence . . . . In other words, [the defendant] could effectively show that the element of causation 'cannot be established' by pointing to an absence of evidence to support this element." (*Hunter* v. *Pacific Mechanical Corp., supra,* 37 Cal.App.4th at p. 1288, original italics omitted, italics added.) In our view, the cases are all consistent with the decision we reach today.

## D.

There is one final point to be made. As a practical matter, we fail to see how (absent a relevant admission) any court can decide a coverage issue without reference to the policy or at least some evidence of its terms and conditions. In this case, all we know about the policies is that they were issued for various "periods" to provide some form of liability coverage. We do not know (as Lowsley-Williams seems to know or assume) that they are comprehensive general liability policies. We do not know whether they are occurrence policies. We do not know what provisions, if any, they might contain that would be relevant to a decision about whether or when it was that SoCalGas had to have an "insurable interest" in the properties that are the subject of the underlying actions. (*Rogers* v. *Prudential Ins. Co., supra,* 218 Cal.App.3d at p. 1137 [the insurance policy "is ambiguous and uncertain for the simple reason that there are no copies of the policy in the record" and, without "first making a factual finding as to the terms of the policy, their legal effect cannot be resolved on summary judgment"].)

We do not know why Lowsley-Williams is playing games. We have searched (electronically and the old-fashioned way) for a case deciding a coverage issue without reference to the policy or at least some evidence of its terms and conditions, but have found not a one and, to the best of our knowledge, there is no such case. (Compare *A.C. Label Co.* v. *Transamerica Ins. Co.* (1996) 48 Cal.App.4th 1188, 1193 [56 Cal.Rptr.2d 207]; *Cooper Companies* v. *Transcontinental Ins. Co.* (1995) 31 Cal.App.4th 1094, 1098 [37 Cal.Rptr.2d 508]; *Montrose Chemical Corp.* v. *Admiral Ins. Co.* (1995) 10 Cal.4th 645, 668-669 [42 Cal.Rptr.2d 324, 913 P.2d 878]; *Montrose Chemical Corp.* v. *Superior Court* (1993) 6 Cal.4th 287, 295 [24 Cal.Rptr.2d 467, 861 P.2d 1153]; *Horace Mann Ins. Co.* v. *Barbara B.* (1993) 4 Cal.4th 1076, 1079-1080 [17 Cal.Rptr.2d 210, 846 P.2d 792]; *Bank of the West* v. *Superior Court* (1992) 2 Cal.4th 1254, 1262 [10 Cal.Rptr.2d 538, 833 P.2d 545]; *Prudential-LMI Com. Insurance* v. *Superior Court* (1990) 51 Cal.3d 674, 679-680 [274 Cal.Rptr. 387, 798 P.2d 1230]; *AIU Ins. Co.* v. *Superior Court* (1990) 51 Cal.3d 807, 814-815 [274 Cal.Rptr. 820, 799 P.2d 1253]; *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 272-273 [54 Cal.Rptr. 104, 419 P.2d 168]; *United Pacific Ins. Co.* v. *McGuire Co.* (1991) 229 Cal.App.3d 1560, 1563 [281 Cal.Rptr. 375]; *Span, Inc.* v. *Associated Internat. Ins. Co.* (1991) 227 Cal.App.3d 463, 476-480 [277 Cal.Rptr. 828]; *State Farm Fire & Casualty Co.* v. *Eddy* (1990) 218 Cal.App.3d 958, 965-966 [267 Cal.Rptr. 379]; *California Ins. Guarantee Assn.* v. *Wood* (1990) 217 Cal.App.3d 944, 946-947, fn. 1 [266 Cal.Rptr. 250]; *Suarez* v. *Life Ins. Co. of North America* (1988) 206 Cal.App.3d 1396, 1403 [254 Cal.Rptr. 377];

*Oliver Machinery Co.* v. *United States Fid. & Guar. Co.* (1986) 187 Cal.App.3d 1510, 1515-1519 [232 Cal.Rptr. 691].) We don't think there should be such a case, and we flatly reject Lowsley-Williams's contention that the "insurable interest" issue raised by its motion is capable of resolution without reference to the policies. Hide and seek should be played in school yards, not in court.

DISPOSITION

The petition is denied. SoCalGas is entitled to its costs of this proceeding.

Spencer, P. J., and Masterson, J., concurred.