Filed 4/15/25  Vazquez v. Manheim Investments CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ANTONIO VAZQUEZ, | |
| Plaintiff and Appellant, | G063748 |
| v. | (Super. Ct. No. 30-2021-01215829) |
| MANHEIM INVESTMENTS, INC. et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Knill, Judge. Affirmed.

Kordab Law Offices, Yadira De La Rosa and Hekmat Kordab for Plaintiff and Appellant.

Bates Winter Talmachoff & Vandersluys, Mary K. Talmachoff and Joel C. Knaack for Defendants and Respondents.

\* \* \*

This is an appeal from a summary judgment entered against plaintiff Antonio Vazquez in his personal injury lawsuit alleging that he was injured at a car auction conducted by defendant Manheim Investments, Inc. (Manheim) when an employee of Manheim negligently drove a vehicle and ran over his foot. Manheim filed a motion for summary judgment, contending that Vazquez's claims were waived as a result of a release he had signed, and also that Vazquez had assumed the risk. The trial court entered judgment.

On appeal, Vazquez failed to designate an adequate record. He did not, for example, include the separate statement of material facts, nor did he include any of the exhibits that formed the basis of the trial court's ruling (nor the ruling itself). Instead, he included only snippets of certain trial court exhibits as exhibits to his opening brief. Naturally, Manheim pointed this out in its respondent's brief and argued there was an inadequate record to reverse the judgment. Manheim also filed a motion to strike the exhibits to the opening brief. No timely opposition was filed. In response, this court filed an order asking the parties to brief whether the record should be augmented to include the exhibits Vazquez had attached to his brief.

After receiving letter briefs from both sides, in which Manheim pointed out that while the documents in some of the exhibits could properly be made part of the record, those documents were incomplete, we offered Manheim the opportunity to file a motion to augment the record with the complete documents. Manheim declined to do so. However, Vazquez did file a motion to augment the record to include various documents, among them the separate statement of material facts and the court's ruling. We issued an order that we would decide the motion to augment in conjunction with the appeal.

We deny the motion to augment and we grant Manheim's motion to strike the exhibits from the opening brief. Vazquez has not offered any justification for failing to prepare a record that would be adequate for us to decide the appeal in the first place. Even if Vazquez may have inadvertently left out documents when initially designating the record, he should have easily seen that those documents were missing while preparing his brief and should have moved to augment the record then. Instead, he waited until after briefing was complete in this case. Were we to grant the motion to augment, we would have to largely restart the briefing process, which we decline to do. Because Vazquez has not provided an adequate record for review, we presume the judgment is correct and affirm.

In any event, even if we were to consider the documents that were attached to Vazquez's brief, we see no error in the court granting judgment based on the broad release Vazquez signed.

FACTS

Vazquez filed a complaint against Manheim alleging causes of action for negligence and premises liability. The complaint stated, "While attending an auction at [Manheim's] place of business, [Manheim's] employee negligently drove a vehicle owned by [Manheim] and ran over Plaintiff's foot causing serious injury and harm."

Manheim (and defendant Tina Hallada, who had been added as a Doe defendant) filed a motion for summary judgment. Although the memorandum of points and authorities is not part of our record, the motion was based on a waiver and release Vazquez had signed, as well as that he had assumed the risk of his alleged injuries.

3

The trial court granted summary judgment and entered judgment. The court's ruling on the motion is not a part of the record. Vazquez appealed from the judgment.

## DISCUSSION

"Appealed judgments and orders are presumed correct, and error must be affirmatively shown. [Citation.] Consequently, appellant has the burden of providing an adequate record. [Citations.] Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. [Citation.] Without a record, . . . a reviewing court must make all presumptions in favor of the validity of the judgment." (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.)

This rule has particular importance in the context of a summary judgment motion. The factual record is largely determined by the separate statement of material facts. "'This is the Golden Rule of Summary Adjudication: if it is not set forth in the separate statement, *it does not exist*.'" (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337 [Superseded by statute on other grounds as stated in *Certain Underwriters at Lloyd's of London v. Superior Court* (1997) 56 Cal.App. 4th 958, 957 fn. 4].) We review a summary judgment de novo (*Ryan v. Real Estate of the Pacific, Inc.* (2019) 32 Cal.App.5th 637, 642), and thus we must rely on the separate statement to the same extent that the trial court does. Without a separate statement, we cannot assess whether the trial court properly found there were no disputed issues of material fact.

Here, we do not have the separate statement, any of the exhibits, or even the court's ruling itself. Without those documents, we simply cannot assess whether the court erred. Accordingly, we must give effect to the presumption of correctness and affirm the judgment.

4

However, even if we were to consider the snippets of the exhibits attached to Vazquez's opening brief, we would find no error. Vazquez attached to his brief snippets of Terms and Conditions he had signed prior to attending the vehicle auction, a document indicating Vazquez had been attending auto actions for about two years, and snippets from deposition testimony describing the various walking and vehicle lanes at the auction.

The terms and conditions document attached to the opening brief contains two relevant sections.

First, it contains a section entitled "Safety and Assumption of Risk." That section states, "Like all auto auctions, our various facilities are busy places with many vehicles, customers, and personnel moving around the premises at all times, particularly during sales events. You understand and acknowledge that the movement of vehicles, equipment, and individuals at our facilities constitutes an open and obvious condition and that Manheim is not obligated to warn you of such conditions. You agree to obey posted signs and follow any warnings you receive from our personnel, particularly as they relate to safety and security issues. You also agree to use extreme care while on our premises to avoid injury to yourself and others, both in moving vehicles on and off the premises and in traversing any sale lanes, parking lots, and offices on foot and otherwise. By entering our private premises, you assume the risk of injury."

Second, it contains a section entitled "WAIVER AND RELEASE OF LIABILITY." That section states, in all capital letters, "You hereby waive any claim or cause of action that you may have, either now or in the future, against any Manheim Party, and hereby release the Manheim Parties from any and all liability under such claim or cause of action, in each case to the extent such claim or cause of action arises from or relates to:" "(e) Any

5

personal injury or other property damage suffered while on or around any premises owned or operated by Manheim . . . ."

The trial court apparently held this waived Vazquez's current claim for negligence and premises liability. Based on the limited record we have seen, we agree.

"An exculpatory contract releasing a party from liability for future ordinary negligence is valid unless it is prohibited by statute or impairs the public interest. . . . . A valid release precludes liability for risks of injury within the scope of the release." (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 637 [internal citations omitted].) Vazquez does not argue that his claim would amount to gross negligence such that the waiver would be invalid. (*See Ibid.*)

Instead, Vazquez's argument is that the waiver and release were ambiguous. He argues, "It is clearly unclear and ambiguous whether Vazquez was signing a release for injuries arising from mere presence on the premises or any injuries caused by Respondents agents." Vazquez contends that the waiver does not extend to injuries caused by Manheim's agents. However, the contract must be read as a whole, and the assumption of liability section very clearly highlights the risk of personnel moving vehicles around the premises. (See *Segal v. Silberstein* (2007) 156 Cal.App.4th 627, 633 ["We must view the language of a contract as a whole, avoiding a piecemeal, strict construction approach."].) Thus, reading the broad waiver in light of the specific warnings provided in the contract, we would conclude Vazquez's claims had been waived.

## DISPOSITION

The judgment is affirmed. Manheim and Hallada shall recover their costs incurred on appeal.



SANCHEZ, ACTING P. J.

WE CONCUR:


DELANEY, J.


GOODING, J.