### Patricia Ann FAIRBANK, Plaintiff–Appellant,

v.

### WUNDERMAN CATO JOHNSON, a California corporation, Defendant–Appellee.

### No. 98–17298.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2000.

Memorandum Filed April 17, 2000.

Order Filed May 5, 2000.

Richard M. Green, Michael Freedman, San Francisco, California, for the plaintiff-appellant.

Michael Wolfram, Morgan, Lewis & Bockius, Los Angeles, California, for the defendants-appellees.

Before: GOODWIN, BRUNETTI, and THOMAS, Circuit Judges.

## ORDER

The panel hereby orders the memorandum disposition filed April 17, 2000 in this matter is re-designated, with minor modifications, as an authored opinion by Judge Goodwin.

## OPINION

GOODWIN, Circuit Judge:

Patricia Ann Fairbank, a California resident, brought an action in state superior court against her employer, Wunderman Cato Johnson ("WCJ"), a Delaware corporation, and two California residents, asserting various claims based on alleged breach of implied employment contract, age discrimination, and retaliatory termination. WCJ moved for summary judgment, or in the alternative, summary adjudication of all claims pursuant to California Code of Civil Procedure § 437c, subdivision (o)(2). At Fairbank's request, the San Francisco Superior Court dismissed the two individual defendants and denied WCJ's motion for summary judgment. However it granted summary adjudication of all claims except the retaliation claim. With the departure of the California defendants and diversity established, WCJ then removed what was left of the action to the U.S. District Court for the Northern District of California, where WCJ promptly moved for summary judgment pursuant to Fed.R.Civ.P. 56. The District Court granted that motion and this appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Fairbank argues that because the Superior Court had already denied the summary judgment, and had determined that the alleged retaliatory discharge claim raised a triable issue of fact, principles of comity barred resubmission of the summary judgment motion to the District Court. (Fairbank does not challenge the ruling on its merits, arguing in her brief only that the District Court was precluded from revisiting the question.)

The leading Ninth Circuit case on the preclusive effect of an interlocutory holding by another court in the same case held that where either cogent reasons or exceptional circumstances exist a judge may set aside or reverse a prior ruling by a colleague in the same case. *See Castner v. First Nat'l Bank of Anchorage,* 278 F.2d 376, 379–80 (9th Cir.1960); *see also Preaseau v. Prudential Ins. Co. of Am.,* 591 F.2d 74, 79–80 (9th Cir.1979) (relying on *Castner* ). We noted that generally one judge should not overrule the prior decisions of another sitting in the same case because of the "principles of comity and uniformity [which] ... preserve the orderly functioning of the judicial process." *Castner,* 278 F.2d at 379–80.

However, one judge may "overrule the order of another under proper circumstances," and where the successor judge is asked to overrule the earlier order, "the question becomes one of the proper exercise of judicial discretion." *Id.* at 380. We said this discretion is important because the "second judge must conscientiously carry out his judicial function in a case over which he is presiding." *Id.* We note that various events may cause a change of judge in the course of litigation; removal for diversity reasons is only one such event. Judicial discretion is important here because ultimately the judge who enters the final judgment in the case is responsible for the legal sufficiency of the ruling, and is the one that will be reversed on appeal if the ruling is found to be erroneous.

■ The District Court noted that the California and federal summary judgment standards are different and that the difference amounted to a cogent reason to reach the merits of WCJ's summary judgment motion. We agree that the standards are different and hold that the District Court did not abuse its discretion in reaching the merits of the summary judgment motion.

■ In a federal court, summary judgment is required under Fed.R.Civ.P. 56(c) when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact. *See Tarin v. County of Los Angeles,* 123 F.3d 1259, 1263 (9th Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That burden may be met by " 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial. *See id.* at 323–24, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Prior to the 1992 and 1993 amendments, the California summary judgment standard required the moving party to present affirmative evidence to negate at least one of the elements of each claim even if the nonmoving party would bear the burden of proof at trial. *See Union Bank v. Superior Court,* 31 Cal.App.4th 573, 37 Cal. Rptr.2d 653, 657–59 (1995) (rev. denied) (discussing *Barnes v. Blue Haven Pools,* 1 Cal.App.3d 123, 81 Cal.Rptr. 444 (1969), and progeny). The California statute was amended in 1992 and 1993 to provide, in relevant part, that "A defendant ... has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established.... Once the defendant ... has met that burden, the burden shifts to the plaintiff ... to show that a triable issue of one or more material facts exists...." Cal.Code of Civ. Proc. § 437c, subd. (*o*)(2). Because the legislative history and this language reflected a legislative intent to bring the California standard closer to the federal standard, the 1992 and 1993 amendments provoked a vigorous debate about whether the federal standard had been adopted wholesale (allowing the burden to be shifted to the nonmoving party if a defendant moving-party could point to an absence of evidence), or whether the moving party was still required to present evidence that the nonmoving party could not prove its case. *See Hagen v. Hickenbottom,* 41 Cal. App.4th 168, 48 Cal.Rptr.2d 197, 205–06 (1995); *Addy v. Bliss & Glennon,* 44 Cal. App.4th 205, 51 Cal.Rptr.2d 642, 646–47 (1996).

Fairbank concedes that some differences remain between the California and federal standards, but argues that the standards are the same in all relevant practical respects. Fairbank argues that the fact that California judges cannot grant summary judgment sua sponte is irrelevant here because WCJ made the motion in both courts. Appellant's Opening Brief at 9 (citing *Certain Underwriters at Lloyd's of London v. Superior Court,* 56 Cal.App.4th 952, 65 Cal.Rptr.2d 821 (1997), and *Addy,* 44 Cal.App.4th 205, 51 Cal.Rptr.2d 642 (1996)). Fairbank also relies on *Union Bank v. Superior Court,* 37 Cal.Rptr.2d at 663, for the proposition that a moving defendant may rely on the absence of evidence.

Fairbank's reading of California cases is incomplete. In *Addy v. Bliss & Glennon,* the Court of Appeal wrote that under § 437c, as amended, a "showing connotes something significantly more than simply 'pointing out to the ... court' that 'there is an absence of evidence....' " 51 Cal. Rptr.2d at 647 (citing *Hagen,* 48 Cal.

Rptr.2d at 207). "[A] moving defendant must make an affirmative showing in support of his or her motion...." *Id.*; *see also Scheiding v. Dinwiddie Constr. Co.,* 81 Cal.Rptr.2d 360, 371 (Ct.App.1999) (reversing grant of summary judgment and holding mere argument of absence of evidence to support nonmoving party's claim insufficient to shift burden to plaintiff).

In *Certain Underwriters,* the California Court of Appeal denied a petition for writ of mandate which sought to compel the superior court to grant a summary judgment. 65 Cal.Rptr.2d at 825–27. The court held that the defendant failed to present evidence indicating that the defendant was entitled to summary judgment and could not merely rely on argument. *See id.,* 65 Cal.Rptr.2d at 825–26.

Although *Union Bank* appears to stand for the proposition that argument alone is sufficient to shift the burden, the burden was shifted to the nonmoving party because the moving defendant presented evidence in the form of vague and factually devoid interrogatory responses which indicated that the plaintiff did not have evidence sufficient to support its claim. *See Union Bank,* 37 Cal.Rptr.2d at 663; *see also Dinwiddie Construction,* 81 Cal. Rptr.2d at 365–69 (discussing *Union Bank* and California's Discovery Act).

While Fairbank is correct in arguing that the state court's lack of authority to grant summary judgment sua sponte is irrelevant in this particular case, that lack of authority has been particularly relevant to California courts as they interpret § 437c. Because the power to grant summary judgment sua sponte was significant in the U.S. Supreme Court's determination that a moving party is only required to "show"—that is point out to the court—an absence of a triable issue of fact, the California courts reason that their lack of this power serves as an important indication that argument alone is not sufficient to shift the burden. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure

(1994 Supp.) § 2720, p. 10; *Union Bank,* 37 Cal.Rptr.2d at 660 n. 7; *Certain Underwriters,* 65 Cal.Rptr.2d at 824–25. The lack of authority to grant summary judgment sua sponte is the difference that creates a distinction.

The California Court of Appeal, in *Dinwiddie Construction,* also relied on the statutory directive that " '[i]n determining whether the papers show ... there is no triable issue as to any material fact the court shall consider all of the evidence set forth in the papers, ... and all inferences reasonably deducible from the evidence....' " 81 Cal.Rptr.2d at 371 (quoting Cal.Code of Civ. Proc. § 437c, subd. (c)). The court held that the "initial burden ... resides with the moving party and cannot be shifted without the 'evidence and inferences' described by the statute." *Id.* at 373.

■ We are convinced that the California summary judgment standard under § 437c is different in relevant respects from the standard under Fed.R.Civ.P. 56. Under the federal standard a moving defendant may shift the burden of producing evidence to the nonmoving plaintiff merely by "showing"—that is, pointing out through argument—the absence of evidence to support plaintiff's claim. California law, however, provides that argument alone is not sufficient to shift the burden. Under California law, as it has been interpreted by the courts of California, a "showing" requires some evidence that the nonmoving plaintiff cannot meet its burden. We need not exhaustively define the differences between the California and federal standards; it is enough that the standards are different in this relevant respect.

■ Under *Castner,* 278 F.2d at 380, the District Court in its discretion may revisit prior interlocutory decisions entered by another judge in the same case if there are cogent reasons or exceptional circumstances. *See also Preaseau,* 591 F.2d at 79–80. Here, the District Court found that the California summary judg-

ment standard differed in material respects from the federal standard and found those differences to present a cogent reason for reconsidering the Superior Court's earlier decision. The District Court did not abuse its discretion by reaching the merits of WCJ's summary judgment motion under Fed.R.Civ.P. 56.

AFFIRMED.