**Raymond Aldan AYUYU, Plaintiff–Appellee,**

v.

**Hillary TAGABUEL, Defendant–Appellant.**

No. 01–15119.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Filed March 20, 2002.

L. David Sosebee, Stacey D. Connor, Office of the Attorney General, Saipan, MP, for the defendant-appellant.

Steven P. Pixley, Saipan, MP, for the plaintiff-appellee.

Before SCHROEDER, Chief Judge, GOODWIN, Circuit Judge, and UNPINGCO,* District Judge.

GOODWIN, Circuit Judge.

The defendant, a police officer, appeals a judgment following a jury trial awarding plaintiff one dollar in general damages and $10,000 in punitive damages. The only issue on appeal is whether the evidence supports the verdict.

It is undisputed that the officer interviewed the plaintiff, a developmentally handicapped nineteen-year-old male, at the police station, and obtained from him a written waiver of *Miranda* rights and a confession to stealing a wallet. After the plaintiff obtained the services of the public defender, the prosecutor dismissed the criminal case that had been instituted on the basis of the confession.

The plaintiff sued under 42 U.S.C. § 1983 for damages, alleging violation of his Fourth, Sixth and Fourteenth Amendment rights, and the case went to trial. Each party vigorously disputed the other side's account of what had happened. The record fully supports sending the factual questions to the jury.

The plaintiff testified that he was taken to the police station and was told to sign a written confession prepared by the officer. While the plaintiff's testimony was unclear and confused, it provided the jury with circumstantial evidence that the plaintiff did not understand what he was doing when he signed both the *Miranda* waiver form and the confession. The defendant contradicted all of the plaintiff's testimony and assured the jury that the plaintiff had confessed voluntarily and after being fully advised of his rights. The jury had before it enough evidence to support a verdict

that the plaintiff had been coerced during custodial interrogation. The coerced confession would have been a due process violation under the Fifth Amendment, and would support the jury's verdict characterizing the officer's conduct as a due process violation under the Fourteenth Amendment.

Unfortunately, the jury was given, with the consent of both counsel, a verdict form which produced a confusing array of answers to a list of incomprehensible interrogatories, in light of the contradictory evidence which the jury had heard. The verdict form consisted of a number of special questions which tracked the language of the complaint. True to the reputation of special interrogatories in tort cases as the darling of the insurance industry, the verdict form created more legal questions than the pleadings and evidence had presented.

After setting out in general terms the constitutional rights of which the plaintiff claimed he had been deprived by the officer, the verdict form proceeded to the first of a list of questions: (The answers are shown as marked on the form.)

"1. On the plaintiff's claim for violation of his constitutional rights, we unanimously find for X Plaintiff —— Defendant."

The verdict form then instructed the jury to "Answer Questions 2–4 **only** if you find for the plaintiff in Question 1."

The form then restated the preliminary listing of constitutional rights in the following question:

"2. Which of the Plaintiff's constitutional rights was/were violated?

* The Honorable John Unpingco, Chief District Judge for the District of Guam, sitting by designation.

a. The right to be secure in his person and effects against unreasonable search and seizure pursuant to the Fourth Amendment to the U.S. Constitution ———

b. The right to have legal counsel present and to be informed of the Nature and cause of the accusation against him pursuant to the Sixth and Fourteenth Amendments to the U.S. Constitution X

c. The right not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws pursuant to the Fourteenth Amendment to the U.S. Constitution" ———

The jury marked "X" in the space following question b., and then left blank the questions a. and c.

Turning to the damages blanks on the special verdict form, the jury marked "$1.00" in the space following the damages version of question b., and left blank the remaining damage blanks until it reached the blank for punitive damages, where it wrote "$10,000".

No question or objection to the instructions, or any Federal Rule of Civil Procedure 51 conference or colloquy, appears in the record. No question was raised by either counsel after the verdict was read. In due course, the defendant filed a motion for a new trial, but in that motion, raised only questions about the credibility of the plaintiff as a witness, and about pretrial evidentiary rulings on defense motions. The motion for a new trial raised no substantive question material to this appeal.

■■■■ Because the motion for a new trial did not mention the obviously anomalous answers to the special verdict questions, any afterthoughts on appeal concerning the verdict form must be deemed waived. No objection was made to the instructions. Rule 51 provides for re-

quested instructions and for a conference in which the court will inform counsel of its proposed action upon the requests before their arguments to the jury. The rule goes on to say: "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. . . ." We hold that Rule 51 includes objections to the form of the verdict as well as to any instructions about the use by the jury of the form. Because no objections to the instructions are found in the record, they are deemed waived. *See Voohries–Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 713–14 (9th Cir.2001) (pointing out that the Ninth Circuit has no "plain error" exception in civil cases where a party has failed to follow Rule 51).

Because no challenge to the form of the verdict was mentioned in the motion for a new trial, those questions also must be deemed to have been waived by the defendant.

■■■■ On appeal, the defendant for the first time brings up the undisputed point that one is not constitutionally entitled to a lawyer until a lawyer is requested, or until a prosecution is commenced. *See United States v. Gouveia,* 467 U.S. 180, 189, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984). An arrested person is entitled to be advised that he or she has the right to an attorney, before being questioned about a suspected crime. *Miranda v. Arizona,* 384 U.S. 436, 467, 471, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Failure to provide the advice can result in a defective and excludable confession, but the failure does not, by itself, constitute a denial of counsel in direct violation of the Sixth Amendment. In *Massiah v. United States,* 377 U.S. 201, 206, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), the Court held, in an ongoing drug investi-

gation after an indictment, that the right to counsel had accrued when the prosecution began. *Massiah,* however, was an exclusionary rule case rather than a denial of counsel case.

■ In *Cooper v. Dupnik,* 963 F.2d 1220 (9th Cir.1992)(en banc), we held that an action under § 1983 would lie against a sheriff who denied an arrested suspect his Fifth Amendment rights. Likewise, here, the plaintiff produced enough evidence of police misconduct in violation of his Fifth Amendment rights to permit the jury, which apparently believed the plaintiff, to support the verdict in favor of the plaintiff on self-incrimination grounds, even though the verdict form (without objection) transplanted the self-incrimination ban of the Fifth Amendment over to the Fourteenth Amendment. Because the parties did not object to the confusion caused by their chosen form of the interrogatories, neither can now complain about the form of the verdict on appeal.

The jury obviously believed the evidence that the defendant had used improper means in obtaining the confession, and believed that the plaintiff had been denied advice that he could have a lawyer if he asked for one. If counsel had a problem with the anomalous answers of the jury on the verdict form, counsel waived the opportunity to clarify the verdict form by failing to present any question about the form before the jury retired. The jury's answer to Question 2, b. was broad enough to include within a Fourteenth Amendment violation the Fifth Amendment violation which the evidence had established. Accordingly there was no error in entering judgment for the plaintiff.

Affirmed.