PRINCESS CRUISES, INC., a California corporation, Plaintiff-counter-defendant—Appellee,

v.

AMRIGON ENTERPRISES INC, a Michigan corporation, Defendant-counter-plaintiff—Appellant.

No. 01–56261.

D.C. No. CV–96–04453–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Oct. 2, 2002.

Before THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER,* Senior District Judge.

### MEMORANDUM**

Appellee Princess Cruises, Inc. ("Princess") filed this action against the Appellant, Amrigon Enterprises, Inc. ("Amrigon"), a corporation that provides direct marketing and telemarketing services. Amrigon refused to transfer Princess' passenger information when Princess replaced Amrigon with Verity, another database service provider. Amrigon challenges the district court's grant of summary judgment in favor of Princess on Amrigon's counterclaims for copyright infringement, trade secret misappropriation, breach of confidentiality, and breach of contract.

■ In order to establish copyright infringement, Amrigon must prove "copying of constituent elements of the work that are original." *Feist Publications v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) (citation omitted). In support of its motion for summary judgment, Princess presented evidence showing that the Verity database did not contain any protectable features from the Amrigon database. In contrast, Amrigon has not pointed to any evidence raising a material issue of fact as to an "original" element.

Amrigon also contends that the district court erred in considering a Special Master's report. Since the Special Master's findings were not effectively challenged, they were properly viewed as unrebutted expert testimony. The district court properly found that Amrigon's copyright claims

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

were inadequately supported and thus could not survive a motion for summary judgment. *See Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir.2001).

 Amrigon similarly challenges the district court's order granting Princess' motion for summary judgment on Amrigon's misappropriation of trade secrets counterclaim. Again, Amrigon failed to provide specific evidence that its alleged trade secrets were not common or obvious concepts in the database industry. *See Imax Corp. v. Cinema Technologies, Inc.*, 152 F.3d 1161, 1164–65 (9th Cir.1998). Amrigon's generalizations concerning its database components are insufficient to establish the necessary distinctions between its work and general knowledge in the trade. Amrigon's failure to properly specify its asserted trade secrets rendered summary judgment on its counterclaim appropriate. *See Oskar*, 247 F.3d at 992.

Amrigon asserts additional error in the district court's grant of summary judgment on its breach of confidentiality counterclaims. Amrigon postulates that the district court failed to properly review the confidentiality of its proprietary information. However, Amrigon's citation to 1463 pages of the record is insufficient to establish a "question of fact" necessary to preclude a grant of summary judgment on this issue. Amrigon's unsupported contentions therefore justify a grant of summary judgment. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).

Amrigon finally asserts that the district court should be reversed for failing to consider "two additional contract terms." However, the district court noted that Amrigon never placed these contractual terms

at issue during any of the earlier proceedings. Contrary to Amrigon's assertions at oral argument, these claims were not included in the Pretrial Order governing trial of the contract claims. The district court therefore properly declined to entertain these untimely post-verdict claims. *See Ayuyu v. Tagabuel*, 284 F.3d 1023, 1026 (9th Cir.2002) (requiring objection to the verdict form before the jury retires to deliberate).

The district court's judgment is AFFIRMED.

Costs on appeal are awarded to Princess Cruises pursuant to Fed. R.App. P. 39(a).