MOTOROLA INC., a Delaware corporation; et al., Plaintiffs—Appellees,

v.

J.B. ROGERS MECHANICAL CONTRACTORS, INC., an Arizona corporation; et al., Defendants—Appellants.

Nos. 04–16408, 05–15110.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided April 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

Dean M. Fink, Esq., Randall S. Papetti, Esq., Lewis & Roca, Pheonix, AZ, Brian J. Murray, Esq., June K. Ghezzi, Esq., Lisa Kupits, Esq., Jones Day, Chicago, IL, for Plaintiffs-Appellees.

Donald R. Wilson, Esq., Anthony S. Coss, Esq., Struckmeyer & Wilson, Phoenix, AZ, for Defendants-Appellants.

Before: NOONAN and BYBEE, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Defendant–Appellant J.B. Rogers Mechanical Contractors, Inc. ("JBR") appeals the district court's denial of its Motion for New Trial, its Motion for Relief from

---

\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Judgment, and the award of attorneys' fees in favor of Plaintiff–Appellee Motorola, Inc. We affirm.

## STANDARD OF REVIEW

The district court's determination of whether a jury's verdict is irreconcilably inconsistent with its answers to special interrogatories is reviewed *de novo*. *Wilks v. Reyes*, 5 F.3d 412, 415 (9th Cir. 1993). All other trial and post-trial error alleged by JBR is reviewed for abuse of discretion. *See Pierce Packing Co. v. John Morrell & Co.*, 633 F.2d 1362, 1364 (9th Cir.1980) (admissibility of evidence); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002) (rejection of a proposed jury instruction); *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1372 (9th Cir.1987) (new trial because the verdict is against the clear weight of the evidence); *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 881 (9th Cir.2000) (newly-discovered evidence); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (fee award pursuant to state law).

## ANALYSIS

### 1. Reconciling the Jury's Verdict

JBR argues that a new trial is required because the jury's special verdict was irreconcilably inconsistent. Federal Rule of Civil Procedure 51 requires that objections to jury instructions must be made "before the jury is instructed and before final jury arguments." Fed.R.Civ.P. 51(c)(2)(A). "Rule 51 includes objections to the form of the verdict as well as to any instructions about the use by the jury of the form." *Ayuyu v. Tagabuel,* 284 F.3d 1023, 1026 (9th Cir.2002). To the extent that alleged errors "are not claims about the way the jury answered the form's interrogatories, [but] are allegations that errors were built into the form itself," they are waived if no objection is raised "until after the jury had rendered its verdict and [is] discharged."

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir.2001).

■ JBR did not object to the form of verdict; indeed, JBR's counsel participated in its drafting. JBR has waived objections to the form of verdict and, consequently, to any resulting errors that were built into the form itself.

A court "must attempt to reconcile the jury's findings, by exegesis if necessary," before ordering a new trial, since "it is the duty of the courts to attempt to harmonize the answers, if it is possible under a fair reading of them." *Gallick v. Balt. & Ohio R.R. Co.*, 372 U.S. 108, 119, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963).

To the extent that the jury's verdict was inconsistent or ambiguous, the district court properly reconciled its findings and reduced them to a judgment. It is a fair reading of the verdict form to hold that the jury found the damages due to breach of contract to be $2,071,658 and found the damages due to negligence to be the same $2,071,658 reduced by the amount of contributory negligence. This reading is fair because sufficient evidence to allow such a verdict was presented, and the verdict reflects no contrary intent. The district court's judgment constitutes a permissible reconciliation of the jury's verdict.

### 2. Admission of Gerry McCusker's Opinion Testimony

JBR argues that the district court abused its discretion in admitting Gerry McCusker's testimony regarding accepted plumbing practices. "By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal." *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066 (9th Cir.1996). "[A] party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making the *wrong* spe-

cific objection." *United States v. Gomez–Norena*, 908 F.2d 497, 500 (9th Cir.1990) (citations omitted).

■ A review of the record shows that JBR waived its objection. When McCusker began describing the overall plan of the Motorola plant, including a detailed description of its cooling system, JBR's counsel objected, stating that McCusker's testimony was outside the scope of "claims and damages," the subject matter disclosed in Motorola's Rule 26(a)(1) disclosure. He stated that if he had known McCusker would be testifying about the size, complexity, and operation of the Motorola plant, he would have deposed McCusker. The court overruled JBR's objection.

Later in his testimony, McCusker was asked for his opinion several times. JBR did not object, but now complains that the district court should have excluded McCusker's opinions because they were not proper lay witness opinion testimony, and McCusker was not disclosed as an expert. JBR failed to object at trial; any objection to the admissibility of McCusker's opinion testimony on the ground that it is undisclosed expert testimony or that it exceeds the permissible scope of lay-witness opinion testimony is waived.

### 3. Assumption of the Risk

JBR argues that the district court abused its discretion in failing to instruct the jury on assumption of the risk. In Arizona, "[t]he elements of assumption of the risk are (1) a risk of harm to the plaintiff caused by a condition of the defendant's property, (2) plaintiff's actual knowledge of the risk and appreciation of its magnitude, and (3) plaintiff's voluntary choice to accept the risk given the circumstances." *Gonzales v. Arizona Pub. Serv. Co.*, 161 Ariz. 84, 89, 775 P.2d 1148, 1153 (Ariz.Ct.App.1989). A plaintiff "impliedly assumes the risk when he is aware of a risk *already created* by the negligence of the defendant and proceeds to encounter it as where he has been supplied with a chattel which he knows to be unsafe, and proceeds to use it after he has discovered the danger." *Hildebrand v. Minyard*, 16 Ariz.App. 583, 494 P.2d 1328, 1331 (1972).

■ JBR presented evidence that Motorola placed its water pipes above sensitive equipment and that JBR plumbers had caused leaks by their negligence in the past, but Motorola had no knowledge of the particular negligence that was forthcoming in this case; indeed, it is likely that the tortfeasors themselves were unaware of the risk posed by the vibration of their electric saw until water began spraying down upon the semiconductor manufacturing equipment. Because Arizona law requires acceptance of a risk already created by the defendant's negligence, the district court did not abuse its discretion by failing to instruct the jury on assumption of the risk.

### 4. Motion for New Trial

#### a. *Award of Lost Profits*

JBR argues that the district court abused its discretion in refusing to grant a new trial on the ground that the jury's verdict incorporating profit loss was against the clear weight of the evidence. When a party moves for a new trial on the ground that the verdict was against the clear weight of the evidence, this court "will reverse denials of such motions for new trials in only four strictly limited situations: (1) the trial court believes it lacks the power to grant a new trial; (2) it concludes that it may not weigh the evidence; (3) it weighs the evidence explicitly against the wrong standard, i.e., substantial evidence or preponderance of the evidence; or (4) it concludes the verdict is against the clear weight of the evidence but refuses to grant a new trial." *Landes Constr. Co. v. Royal Bank of Can.*, 833

F.2d 1365, 1372 (9th Cir.1987) (citations omitted). Because we "cannot weigh the evidence for ourselves," if none of these four errors is found, the district court's denial of a new trial will be reversed only "if the record contains no evidence in support of the verdict." *Id.*

■ Here, the district court knew it had the power to grant a new trial, weighed the evidence, and concluded that the verdict was not against the clear weight of the evidence. Motorola introduced at least *some* evidence to support the profit award; David Schwickerath, an expert witness called by Motorola, testified that based on the number of silicon wafers scrapped as a result of the leak, Motorola lost $1,382,100 in profits. JBR presented no evidence to the contrary. The district court did not abuse its discretion in denying JBR's motion for new trial on this ground.

### b. Newly–Discovered Evidence

JBR argues that the district court abused its discretion in denying JBR's motion for a new trial on the basis of newly-discovered evidence. In order to establish that the district court abused its discretion in denying a motion for a new trial on the basis of newly discovered evidence, a party must first establish that the evidence was discovered after trial. *Defenders of Wildlife v. Bernal,* 204 F.3d 920, 929 (9th Cir. 2000). The "newly-discovered evidence" JBR identifies is (1) evidence of a 1999 flood, which JBR alleges it discovered in January of 2004, two months before trial, and (2) a five-year record of water losses at the Motorola plant, which JBR alleges it discovered at trial. JBR does not allege that either of these pieces of evidence was discovered *after* trial, so a new trial was not required.

### c. Discovery Misconduct

JBR argues that the district court abused its discretion in failing to order a new trial or relief from judgment based on Motorola's discovery misconduct.

The district court did not abuse its discretion on either ground. "District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion." *California v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998) (internal quotation omitted). The district court imposed substantial sanctions for Motorola's discovery misconduct, including a $20,000 award of attorneys' fees and the mandated disclosure of materials over which Motorola asserted privilege. The judge's assessment of the severity of Motorola's discovery misconduct, and his choice of sanction, was in this case within the wide latitude of discretion given him because it was roughly proportional to the misconduct reflected in the record.

### d. Evidence of Insurance

JBR argues that the district court abused its discretion in denying JBR's motion for new trial based on the admission of evidence liability insurance.

Federal Rule of Evidence 411 renders inadmissible "[e]vidence that a person was or was not insured against liability" when introduced to show "whether the person acted negligently or otherwise wrongfully." Because the "district court was in the best position to assess the remark," its assessment that an erroneous mention of insurance "was careless, unintentional and not prejudicial such that a new trial was warranted" justifies the denial of a motion for new trial. *Rios v. Bigler,* 67 F.3d 1543, 1550 (10th Cir.1995).

■ The district judge explicitly found that, under the circumstances, the erroneous mention of insurance was not an intentional injection of the issue of insurance and "the context of the witness' answers make it unlikely that the jury concluded

that these Defendants had liability insurance." A review of the record supports this conclusion; the erroneous mention of insurance came during the expert's preliminary testimony about his qualifications and experience, and no direct statements about the present case were made. The district court's ruling was not an abuse of discretion.

### 5. Attorneys' Fees

JBR argues that the district court abused its discretion in awarding attorneys' fees to Motorola pursuant to Arizona contract law. "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12–341.01. The Arizona Supreme Court has set forth a six-factor test for determining whether a fee award is merited. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181, 1184 (1985).

Because the district court considered all of the relevant factors and all of the relevant facts, adequately explained the reasons for its award, and those reasons do not give rise to "a definite and firm conviction that the district court committed a clear error of judgment," *SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir.2001), the district court did not abuse its discretion in awarding $300,000 in attorneys' fees to Motorola.

### CONCLUSION

Because the district court adopted a fair reading of the jury form and did not abuse its discretion in denying JBR's motion for new trial or in granting Motorola's motion for attorneys' fees, the judgment of the district court is AFFIRMED.

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.