JIMMIE'S LIMOUSINE SERVICE, INC. dba Jimmie's, Plaintiff—Appellant,

v.

CITY OF OAKLAND;  et al., Defendants–Appellees.

No. 05–16807.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Oct. 31, 2007.

Dorothy D. Guillory, Esq., San Leandro, CA, for Plaintiff–Appellant.

Arlene Rosen, Esq., Office of the City Attorney, Oakland, CA, for Defendants–Appellees.

Before:  HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Jimmie's Limousine Service, Inc. ap-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals the district court's grant of summary judgment in favor of the City of Oakland, the Oakland Police Department, Jerry Brown, and Edward Poulson. We affirm.

■ A plaintiff asserting a claim under 42 U.S.C. § 1981 "must show intentional discrimination on account of race." *Evans v. McKay,* 869 F.2d 1341, 1344 (9th Cir. 1989). Defendants met their initial burden on summary judgment by arguing that Jimmie's lacked evidence to show any discrimination based on race. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000). Jimmie's failed to identify evidence sufficient to support a verdict that Defendants intended to discriminate against Jimmie's on account of race and therefore failed to meet its burden to "produce enough evidence to create a genuine issue of material fact" on its § 1981 claims. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1103 (9th Cir.2000). We conclude that summary judgment on those claims was warranted.

■ With respect to Jimmie's claims under 42 U.S.C. § 1983, Defendants met their initial burden on summary judgment by contending that Jimmie's lacked sufficient evidence supporting its claims. *Fairbank,* 212 F.3d at 532. Regarding the equal protection claims under § 1983, Jimmie's failed to point to sufficient evidence in the record showing an intent by Defendants to discriminate on account of race or showing that it was treated any differently than businesses the City was not interested in purchasing. *See Flores v. Morgan Hill Unified Sch. Dist.,* 324 F.3d 1130, 1134 (9th Cir.2003); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta,* 309 F.3d 662,

679 (9th Cir.2002). Regarding the due process claims, Jimmie's evidence suggested, at most, that its business reputation was tarnished, which, "without more, does not rise to the level of a constitutionally protected property interest." *See WMX Techs., Inc. v. Miller,* 197 F.3d 367, 376 (9th Cir.1999) (en banc). The district court properly granted summary judgment on those claims.

We reject Jimmie's arguments that the district court erred in declining to consider claims under § 1983 for constitutional violations that were not plainly alleged in the Complaint and that the continuing violations doctrine applies to Defendants' conduct falling outside the limitations period. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292–93 (9th Cir.2000); *see also Cherosky v. Henderson,* 330 F.3d 1243, 1247–48 (9th Cir.2003). Even if we were to consider the new claims or Defendants' conduct occurring outside the limitations period, however, Jimmie's failed to present evidence sufficient to withstand summary judgment on those claims. We therefore conclude that summary judgment on Jimmie's § 1983 claims was warranted.

**AFFIRMED.**