Alice MITCHELL; et al., Plaintiffs,

and

Robert Mitchell; et al., Plaintiffs–Appellees,

v.

COUNTY OF LOS ANGELES; et al., Defendants–Appellants.

No. 07–55206.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2009.

Filed May 15, 2009.

Dale K. Galipo, Esq., Woodland Hills, CA, for Plaintiffs.

Roger H. Granbo, Esq., Dennis M. Gonzales, Esq., Dennis M. Gonzales, Esq., Office of the County Counsel Kenneth Hahn Hall Of Administration, Martin Stein, Esq., Alan Diamond, Greines Martin Stein & Richland, LLP, Los Angeles, CA, for Defendants–Appellants.

Before RYMER, KLEINFELD and SILVERMAN, Circuit Judges.

MEMORANDUM *

Defendants Los Angeles County and Deputy Rick Manes appeal the district court's denial of their motion for a new damages trial. Plaintiffs tried state wrongful death, Fourth Amendment excessive force and Fourteenth Amendment substantive due process claims arising out of Deputy Manes's shooting of Robert Mitchell. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review the denial of a new trial for an abuse of discretion and the compensatory damages verdict for substantial evidence. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir.2007); *In re Exxon Valdez*, 270 F.3d 1215, 1247 (9th Cir.2001). We give "substantial deference to a jury's finding of the appropriate amount of damages," and we "*must* uphold the jury's findings unless the amount is grossly excessive or monstrous, clearly not sup-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ported by the evidence, or based only on speculation or guesswork." *Exxon Valdez,* 270 F.3d at 1248.

Defendants challenge damages for the state wrongful death and excessive force claims. But defendants waived any right to separate damages for the claims by agreeing to a general verdict. *Ayuyu v. Tagabuel,* 284 F.3d 1023, 1026 (9th Cir. 2002). Viewing the evidence in the light most favorable to upholding the verdict, the six plaintiffs who are children of the deceased properly asserted the Fourteenth Amendment claim to the jury and substantial evidence in the record supports the Fourteenth Amendment damages award to them. We exercise our discretion to construe the general verdict to be attributable to the Fourteenth Amendment claims. *Counts v. Burlington N. R.R. Co.,* 952 F.2d 1136, 1140 (9th Cir.1991). Nor are the damages grossly excessive or merely speculative. Thus, the district court did not abuse its discretion by denying the motion for new trial.

Defendants also argue that they are entitled to a new trial on damages since plaintiffs never expressly accepted the remittitur in district court. If plaintiffs' do not consent to the remittitur, the district court must grant a new trial. *Fenner v. Dependable Trucking Co.,* 716 F.2d 598, 603 (9th Cir.1983). However, plaintiffs suggested remittitur to the district court and the district court remitted damages consistent with plaintiffs' request. Plaintiffs effectively accepted the remittitur in the district court and continue to accept the remittitur on appeal.

AFFIRMED.