RAWLINSON, Circuit Judge,
concurring in the judgment:
I concur in the judgment reversing the district court’s entry of summary judgment in favor of defendant Marilyn Diaz. I also agree that entry of summary judgment in favor of the City of Sierra Madre was warranted due to the lack of material issues of fact regarding a city policy that resulted in the alleged constitutional violations. I write separately to clarify that this case was decided on summary judgment and no definitive rulings on the factual issues should have been made by the district court or should be made by us. On summary judgment review, we determine whether material issues of fact were raised by the party opposing summary judgment after reviewing the evidence in the light most favorable to that opposing party. See Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir.2000). Resolution of those factual issues is reserved for trial before a factfinder. For that reason, we should limit our discussion to whether Ellins raised material issues of fact, thereby rendering entry of summary judgment inappropriate.
At the summary judgment stage, the non-moving party need only raise a material issue of fact rather than carrying the ultimate burden of persuasion. See Fairbank, 212 F.3d at 531. As the district court acknowledged, whether Ellins suffered an adverse employment action was “purely a question of fact.” District Court Opinion, p. 6 (citation omitted). The Memorandum of Understanding between the City and the bargaining unit for the officers provided for a 5 percent pay increase if an officer obtained an Advanced POST Certificate. This circumstance raised a material question of fact regarding whether Chief Diaz’s failure to sign Ellins’s application for an Advanced POST certificate resulted in a loss of pay, thereby precluding summary judgment. See Fairbank, 212 F.3d at 531. Similarly, there was disputed evidence in the record regarding whether Chief Diaz was motivated by Ellins’s criticism of her performance. Construing the evidence presented by Ellins in the light most favorable to him, i.e., that Chief Diaz had never previously refused to sign a similar application, also raised a material issue of fact.
Having determined that material issues of fact remain for trial, I would go no further. More specifically, I decline to join the majority’s discussion of whether Ellins established a First Amendment retaliation claim, and its conclusion that Ellins spoke in his capacity as a private citizen rather than as a public employee. See Majority Opinion, pp. 1059-60. In my view, this is not a determination that should be made at this stage of the proceedings. Because the record is void regarding whether the activities Ellins undertook as union president were within the *1068 realm of his official duties, the determination regarding whether his activities were undertaken as a private citizen is more appropriately made by the factfinder.
The majority relies primarily upon the Seventh Circuit’s decision in Fuerst v. Clarke, 454 F.3d 770, 774 (7th Cir.2006), where the court held, without any analysis, that the employee’s speech as a union representative was not made as a public employee.[1] The two district court cases from district courts in D.C., Baumann v. District of Columbia, 744 F.Supp.2d 216, 224 (D.D.C.2010), and Hawkins v. Boone 786 F.Supp.2d 328, 335 (D.D.C.2011) simply parroted the Seventh Circuit’s ruling in Fuerst, again without any analysis. I am not confident that reliance on these cases supports concluding that Ellins was speaking as a private citizen when he criticized Chief Diaz.
In Garcetti v. Ceballos, 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), the United States Supreme Court discussed how we are to determine whether a public employee should be treated as a private citizen in the First Amendment context. First, we must determine whether the employee “spoke as a citizen on a matter of public concern.... ” Id. at 418, 126 S.Ct. 1951 (citation omitted). If the employee spoke as a private citizen as opposed to within the “course of performing [his] official duties,” the employee “retain[s] some possibility of First Amendment protection ...” Id. at 423, 126 S.Ct. 1951.
There is no doubt in this Circuit that whether an employee speaks as a private citizen is a question of fact rather than an issue of law. See Eng v. Cooley, 552 F.3d 1062, 1071 (9th Cir.2009) (“The question of the scope and content of a plaintiffs job responsibilities is a question of fact ... ”) (citation omitted); see also Karl v. City of Mountlake Terrace, 678 F.3d 1062, 1071 (9th Cir.2012) (same).
The record in this case is devoid of any description of Ellins’s job duties. Cf. id. (discussing the plaintiffs testimony regarding the scope of her job duties). For all we know, Ellins’s job duties could encompass his union responsibilities. See, e.g., People v. Creath, 31 Cal.App.4th 312, 315, 37 Cal.Rptr.2d 336 (1995) (noting that officers and directors of the firefighters union received compensation to perform union duties).
In sum, I agree with the majority that this case should be remanded. However, upon remand all questions of fact, including whether Ellins spoke as a public employee or as a private citizen, should be resolved by the factfinder. For that reason, I concur only in the judgment affirming in part, reversing in part and remanding for further proceedings.

. The Seventh Circuit referenced its Fuerst decision in Nagle v. Village of Calumet Park, 554 F.3d 1106, 1123 (7th Cir.2009), but again made the public-employee-private-citizen determination without undertaking an in-depth analysis of the issue.