FILED

MAY 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADVANCED MICROTHERM, INC.;
HVAC SALES, INC.,

          Plaintiffs - Appellants,

  v.

NORMAN WRIGHT MECHANICAL
EQUIPMENT CORPORATION;
TEMPCO, INC.; F.W. SPENCER & SON,
INC.,

          Defendants - Appellees.

No. 11-16637

D.C. No. 5:04-cv-02266-JW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted March 13, 2013
San Francisco, California

Before: NOONAN, FISHER, and NGUYEN, Circuit Judges.

    Advanced Microtherm, Inc. and HVAC Sales, Inc. ("AMT/Sales") brought

suit against Norman Wright Mechanical Equipment Corporation ("Norman

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Wright"), F.W. Spencer and Son, Inc. ("Spencer"), and others in the Northern District of California alleging violations of state and federal antitrust law. All defendants but Norman Wright and Spencer were dismissed from the suit. The district court granted summary judgment or judgment as a matter of law against AMT/Sales's bid-rigging, tying, conspiracy, and exclusive dealing claims against Norman Wright. The district court granted judgment as a matter of law against all of AMT/Sales's claims against Spencer. A jury decided against AMT/Sales on their remaining claims of attempted monopolization, commercial bribery, and intentional interference with a contract.

The factual content of the twenty-two volumes of record is adequately known to the parties and need not be recounted here. AMT/Sales argue that the district court erred in granting judgment against their bid-rigging/price-fixing and tying claims. In addition, AMT/Sales allege that the district court erred in its evidentiary rulings and rejection of several jury instructions. Not one of the various arguments presented by AMT/Sales is convincing. Accordingly, we affirm.

The district court granted partial summary judgment against AMT/Sales on their bid-rigging and price-fixing claims because they lacked antitrust injury and hence standing to sue. An alleged error in the district court's grant of a motion for summary judgment or judgment as a matter of law is reviewed de novo. *United*

2

*States ex rel Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1060 (9th Cir. 2011). Here, AMT/Sales's attorney stated in open court, "We have no claim for price fixing or bid rigging. It is not a claim for which we claim damages." Antitrust injury must be alleged to establish antitrust standing. *Assoc'd Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 534-37 (1983). Hence, AMT/Sales lacked standing to bring their claims for bid rigging and price fixing.

The district court granted summary judgment against AMT/Sales on their federal and Cartwright Act tying claims. First, AMT/Sales did not prove "market power in [a] tying product" as required under federal law. *See Illinois Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 46 (2006). Instead, AMT/Sales made a novel claim that an engineer's use of a flat specification ("flat spec") creates a product market in which the seller of the flat spec'd product has "infinite market power." The district court found this argument unconvincing, reasoning that "[w]hile [Norman Wright's] exclusive ability to distribute a flat spec'ed product may prevent competitors from participating in one particular project, it does not follow that competition is harmed as to any other project that involves HVAC products. [AMT/Sales has] simply failed to provide any evidence whatsoever that a single project where flat spec'ing occurs is a relevant market." The district court's logic

on the federal claim is sound and applies equally to the California tying claim. The federal and Cartwright Act tying claims are not identical. *Morrison v. Viacom, Inc.*, 66 Cal. App. 4th 534 (1998), articulates a second, less stringent standard for Cartwright Act claims. *See id.* at 541-42. However, the district court's reasoning remains correct: AMT/Sales, having failed to identify "a relevant market," did not introduce evidence that Norman Wright had market power or control over a substantial amount of commerce.

The district court granted judgment as a matter of law to Norman Wright on AMT/Sales's antitrust conspiracy and exclusive dealing claims. AMT/Sales's proffered evidence leaves cavernous gaps in these two claims. Specifically, there is no evidence of an agreement that demonstrates antitrust conspiracy or exclusive dealing. The proffered evidence of a mere opportunity to engage in a conspiracy is quite a bit short of the evidentiary scintilla needed to send the question to a jury. Similarly, choosing a higher bidder, realizing high profits, and making take-it-or-leave-it offers would not have supported a jury verdict without more. AMT/Sales's antitrust conspiracy and exclusive dealing claims were appropriately dismissed.

The district court limited evidence of commercial bribery to damages from P-Projects. P-Projects are those projects for which AMT/Sales either submitted bids or determined that it was futile to do so. Alleged errors concerning pretrial

4

management or evidentiary matters are reviewed for an abuse of discretion. *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1000 (9th Cir. 2008). Here, AMT/Sales prepared a list of 150 P-Projects and stipulated that it would seek damages only for those projects. Hence, the district court properly limited evidence to projects on the list.

Numerous errors in the jury instructions are alleged. "Whether there is sufficient evidence to support an instruction is reviewed for abuse of discretion." *Yan Fang Du v. Allstate Ins. Co.*, 697 F.3d 753, 757 (9th Cir. 2012). First, the district court included language requiring the jury to find that Norman Wright was engaged in interstate commerce. AMT/Sales propose that Norman Wright had already admitted that they were engaged in interstate commerce. AMT/Sales make this argument for the first time on appeal. Since AMT/Sales's objection was raised only after the jury's verdict, this argument is waived. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1110 (9th Cir. 2001). Second, the district court rejected AMT/Sales's proposed jury instruction 9 on the *in pari delicto* defense. Norman Wright had not asserted this defense at trial, so there was no reason for the district court to have instructed on it. Third, the district court rejected AMT/Sales's proposed Cartwright Act jury instructions numbered 3, 17, and 18. The proposed jury instructions did nothing to clarify or particularize the

5

law to the facts of the case and hence were unhelpful and potentially even misleading. In addition, no instructions were necessary because the district court had already granted judgment as a matter of law against the tying and exclusive dealing claims to which these instructions might have applied. Fourth, the district court rejected AMT/Sales's proposed business tort jury instruction. Proposed jury instruction number 16 would have advised the jury on the tort of intentional interference with a prospective economic interest. AMT/Sales did not object at trial or in their motion for a new trial. Hence, AMT/Sales have waived the issue for appeal. *Ayuyu v. Tagabuel*, 284 F.3d 1023, 1026-27 (9th Cir. 2002).

Finally, the district court granted judgment as a matter of law to co-defendant Spencer on the charges of: (1) antitrust conspiracy, (2) exclusive dealing, (3) attempted monopolization, (4) commercial bribery, (5) unfair practices, and (6) intentional interference with a prospective business advantage. The analysis of the conspiracy and exclusive dealing issues is the same for Spencer as for Norman Wright.

AMT/Sales's examples of Spencer's wrongdoing are unpersuasive. The plaintiffs note that Troy Reese, a plumber, testified that Spencer was part of "a clique" in the industry; but on cross-examination Reese admitted that he had no direct knowledge of the bidding at issue. Spencer himself testified that he always

6

accepted the lowest bid.  The plaintiffs jump on this testimony because at trial Spencer stated that he always accepted the lowest *responsive* bid.  The plaintiffs cannot prevail by characterizing such clarification as prevarication.

AFFIRMED.

The motion to take judicial notice filed October 22, 2012 is GRANTED.