**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANAGEMENT AND ENGINEERING TECHNOLOGIES INTERNATIONAL, INC., a Texas corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> INFORMATION SYSTEMS SUPPORT, INC., a Maryland corporation, <br><br> Defendant - Appellee. | No. 15-15815 <br><br> D.C. No. 4:06-cv-00077-JGZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted March 22, 2016
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and GRABER, Circuit Judges.

Management and Engineering Technologies International, Inc. ("METI"),

appeals the district court's entry of judgment in its favor in the amount of

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

$67,143.00.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts and the procedural history, we will

not recount it here.

METI reads restrictions into our prior mandate that simply are not there.  We

vacated the damages award and remanded for further proceedings, without

limitation as to what those proceedings might be.  The mandate did not clearly, or

by necessary implication, preclude the district court from allowing relitigation of

the damages award.  *See United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir.

2007).  The district court limited the new trial to damages only, and thus did not

violate the rule of mandate or the law of the case.

In the new damages trial, the district court did not commit clear error.  The

district court heard expert testimony from both parties and found the Information

Systems Support, Inc. ("ISS"), experts more persuasive and credible.  METI's

criticism of the district court's findings relies on a selective reading of the record.

The district court's general conclusion that "METI's trade secrets had moderate

economic value to ISS" was adequately explained and supported by the evidence.

Each side shall bear its own costs.

**AFFIRMED.**

FILED

MAY 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS, Circuit Judge, dissenting:

Because I would hold that recalculating the entire damages award violated the law of the case, I respectfully dissent.

In our previous decision, we affirmed the jury's finding that ISS misappropriated METI's trade secrets as to all but two alleged secrets. We vacated the damages award because it included an unknown dollar amount for these two invalidated secrets. Our memorandum decision clearly stated that this was the only reason for vacating the damages award, and by affirming Judge Roll's denial of ISS's Motion for Judgment as a Matter of Law, we held that sufficient evidence supported the remainder of the verdict. On remand and before a different judge, the district court held a new trial on damages and expert testimony revealed that the value of the two invalidated secrets was undisputed and nominal. Despite this, the district court's new award to METI was more than $1 million less than the original jury award.

In this unusual circumstance, I would hold that this violated the law of the case. Although the district court has discretion to determine whether discovery is required on remand, here, the new evidence did not warrant such a radical

departure from the previous valuation method. *See Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572 (1943); *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002). The fact that the case was reassigned to a different district court judge on remand further convinces me of this outcome. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000) (emphasizing that principles of comity and uniformity weigh against reconsidering a colleague's prior ruling).

For these reasons, I respectfully dissent.