THOMAS, Circuit Judge,
dissenting:
Because I would hold that recalculating the entire damages award violated the law of the case, I respectfully dissent.
In our previous decision, we affirmed the jury’s finding that ISS misappropriated METI’s trade secrets as to all but two alleged secrets. We vacated the damages award because it included an unknown dollar amount for these two invalidated secrets. Our memorandum decision clearly stated that this was the only reason for vacating the damages award, and by affirming Judge Roll’s denial of ISS’s Motion for Judgment as a Matter of Law, we held that sufficient evidence supported the remainder of the verdict. On remand and before a different judge, the district court held a new trial on damages and expert testimony revealed that the value of the two invalidated secrets was undisputed and nominal. Despite this, the district court’s new award to METI was more than $1 million less than the original jury award.
*508 In this unusual circumstance, I would hold that this violated the law of the case. Although the district court has discretion to determine whether discovery is required on remand, here, the new evidence did not warrant such a radical departure from the previous valuation method. See Walling v. Jacksonville Paper Co., 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460 (1943); Old Person v. Brown, 312 F.3d 1036, 1039 (9th Cir.2002). The fact that the case was reassigned to a different district court judge on remand further convinces me of this outcome. See Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 530 (9th Cir.2000) (emphasizing that principles of comity and uniformity weigh against reconsidering a colleague’s prior ruling).
For these reasons, I respectfully dissent.